JOHNSON v. NEW YORK BREWERIES CO., Limited.

(Supreme Court, Appellate Term.   November 11, 1910.)

CONTRACTS (§ 332*)—BREACH—COMPLAINT.

> Plaintiff, having contracted for the partial reconstruction of defendant's brewery and agreed to do all the necessary shoring, sued for alleged breach of contract, alleging that during the course of his work defendant wrongfully filled the vats on the upper floors of the bulding, causing it to collapse, destroying plaintiff's work and preventing him from completing the contract. *Held*, that the bare allegation that the vats were wrongfully, unlawfully, and improperly filled was not susceptible on demurrer of an interpretation that the agreement contemplated that the vats should be kept empty, or that they were filled beyond the normal capacity, and, plaintiff having agreed to do all shoring necessary to provide against all ordinary contingencies likely to occur, the complaint was demurrable.

> [Ed. Note.—For other cases, see Contracts, Dec. Dig. § 332.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from City Court of New York, Special Term.

Action by Charles .O. Johnson against the New York Breweries Company, Limited. From an interlocutory judgment overruling a demurrer to the amended complaint, defendant appeals. Reversed. Demurrer sustained.

Argued before SEABURY, PAGE, and BIJUR, JJ.

Guggenheimer, Untermeyer & Marshall (Abraham Benedict, of counsel), for appellant.

Appell & Taylor (George H. Taylor, Jr., of counsel), for respondent.

BIJUR, J.. The complaint sets out a cause of action based on a contract under which plaintiff undertook a partial reconstruction of defendant's brewery, and agreed that the shoring should be done by him. Plaintiff further alleges that during the course of his work, defendant "wrongfully, unlawfully, and improperly" filled the vats upon the upper floors of the building, causing the building to collapse, destroying plaintiff's work, and preventing him from completing the contract, for which he asks damages.

If the complaint had alleged that, by agreement, the vats were to be kept empty, or that they were filled beyond a usual and normal capacity, .it would have stated a good cause of action. The bare allegation that they were "wrongfully, unlawfully, and improperly" filled is not, on demurrer or otherwise, susceptible of this interpretation. Greeff v. Equitable Life Assurance Society, 160 N. Y. 19, 54 N. E. 712, 46 L. R. A. 288, 73 Am. St. Rep. 659. On the contrary, the contract, as alleged in the complaint, evidently contemplated the continued use of the building and appliances by the defendant during the period of reconstruction. Under an agreement to do the shoring, the plaintiff .necessarily undertook to provide against all the ordinary contingencies likely to occur.

As, therefore, the complaint does not state a cause of action, the demurrer thereto, on that ground, should have been sustained.

Interlocutory judgment reversed, with costs, and demurrer sustained, with leave to plaintiff to serve an amended complaint within six days after service of entry of the judgment hereon, upon payment of costs to date. All concur.